30437.09\complaint.flw01.1510

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ELIZABETH COLPITTS, | \* | CASE NO. 8:10-cv-21 |
| Plaintiff, | \* | |
| | | COMPLAINT AND |
| v. | \* | DEMAND FOR JURY TRIAL |
| ALEGENT HEALTH, a Nebraska Corporation, | \* | |
| | \* | |
| Defendant. | | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW the plaintiff, Elizabeth Colpitts, and for her cause of action against defendant, Alegent Health, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to and for redress of unlawful violations of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12101 *et seq.*, the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §48-1101, *et seq.*, and the Omaha Municipal Code §13-81, *et seq*.

2. The jurisdiction of this Court is predicated upon 42 U.S.C. §12117(a), which provides a process for recovery under the ADA and 28 U.S.C. §§1331 and 1343, which provide for original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States. Jurisdiction for the

plaintiff's pendent state and municipal law claims are predicated on 28 U.S.C. §1367.

3. The unlawful practices alleged below were committed within the state of Nebraska, and occurred at the defendant's principal place of business in Omaha, Douglas County, Nebraska.

4. Timeliness, exhaustion of any and all applicable administrative remedies, and all other jurisdictional requirements have been met.

## PARTIES

5. Plaintiff, Elizabeth Colpitts (hereinafter "Colpitts"), incorporates paragraphs 1 through 4, inclusive, as if fully set forth herein.

6. Colpitts is and was at all times relevant hereto, a citizen of the United States residing in Glenwood, Mills County, Iowa.

7. At all times relevant hereto, Colpitts has suffered from the disease of Multiple Sclerosis.

8. Defendant, Alegent Health (hereinafter "defendant"), is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

9. Defendant is an "employer" within the meaning of Omaha Municipal Code §13-88 because defendant has more than six (6) employees, Neb. Rev. Stat. §48-1102 because defendant has more than fifteen (15) employees, and 42 U.S.C. §12111 because defendant has more than twenty-five (25) employees.

## FACTS

10. Colpitts incorporates paragraphs 1 through 9, inclusive, as if fully set forth herein.

11. On or about June 16, 2008, Colpitts began full-time employment with defendant in the position of Medical Technologist in the Microbiology Department at Alegent Health.

12. During her pre-employment physical and prior to beginning her employment with defendant, Colpitts informed defendant that she has Multiple Sclerosis.

13. Although Colpitts told only her immediate supervisors about her Multiple Sclerosis, most or all of Colpitts' co-workers became aware that she had Multiple Sclerosis.

14. On or about August 28, 2008, at the request of the defendant, Colpitts met with one of defendant's occupational health doctors. Defendant's doctor recommended that Colpitts seek reasonable accommodations to assist her in the performance of her job.

15. On or about September 1, 2008, Colpitts requested in writing, a number of reasonable accommodations under the ADA, which were specifically, related to her Multiple Sclerosis.

16. Defendant's doctor advised defendant that Colpitts' request for accommodations was reasonable.

17. On or about October 3, 2008, Colpitts met with defendant and a Disability Navigator with Iowa Workforce Development to discuss possible accommodations.

18. Although reasonable accommodations were discussed at the meeting on October 3, 2008, defendant never implemented the accommodations.

19. After October 3, 2008, Colpitts made phone calls to defendant and sent e-mails to the Iowa Workforce Development Disability Navigator to inform them that no reasonable accommodations had been given to her.

20. On or about November 6, 2008, defendant advised Colpitts that she was no longer employed as a Medical Technologist in the Microbiology Department.

21. Colpitts' disability was the reason for her termination.

22. Between September 1, 2008 and October 3, 2008, defendant interviewed individuals to do the same or similar jobs as Colpitts in the Microbiology Department.

23. Prior to her discharge, two individuals were offered and accepted said jobs.

24. Colpitts has suffered and will continue to suffer mental anguish and emotional distress, has suffered and will continue to suffer substantial loss in earnings and employment benefits, and has suffered a loss of earning capacity.

25. On or about December 15, 2008, Colpitts filed a claim with the City of Omaha's Human Rights and Relations Department, OHRRD Case No. 08-0709-073-E. A claim was also filed on Colpitts' behalf with the United States Equal Employment Opportunity Commission, EEOC: 32G-2009-00028.

26. On or about October 20, 2009, Colpitts received notice from the United States Equal Employment Opportunity Commission of her right to sue.

## COUNT I

### (Americans with Disabilities Act)

27. Colpitts incorporates paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Defendant violated Colpitts' rights under the ADA by discharging her from her employment based on her disability. *See* 42 U.S.C. §12112(a).

29. Colpitts is disabled because she has Multiple Sclerosis, which is a disease that substantially limits one or more of her major life activities.

30. Colpitts was qualified, with or without reasonable accommodation, to perform the essential functions of her job.

31. Colpitts was discharged from her job because of her disability, and any reasons provided by the defendant to the contrary are merely pretext for the true reason for her discharge.

32. Defendant further violated Colpitts' rights under the ADA by not making reasonable accommodations to Colpitts' known physical limitations and failing to adequately participate in an interactive process to accommodate Colpitts. *See* 42 U.S.C. §12112(b)(5)(A).

33. Defendant knew that Colpitts was disabled.

34. Defendant knew that Colpitts had requested accommodations and met with her on October 3, 2008, to discuss implementing reasonable accommodations.

35. After the meeting of October 3, 2008, to discuss implementing reasonable accommodations, defendant did not make a good faith effort to assist Colpitts in the creation and implementation of reasonable accommodations.

36. Defendant could have reasonably accommodated Colpitts, but for defendant's lack of good faith in providing and implementing reasonable accommodations.

WHEREFORE, Colpitts prays for the following relief against defendant for its violations of her rights under the ADA:

    A.    An award against defendant to compensate Colpitts for past, present, and future lost wages and job-related benefits;

    B.    An award against defendant to compensate Colpitts for her past, present, and future pain and suffering resulting from defendant's actions;

    C.    An award of the costs of this action, including attorney's fees, pursuant to 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(k);

    D.    An award of pre-judgment and post-judgment interest;

    E.    An award of punitive damages; and

    F.    Such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT II

### (Nebraska Fair Employment Practice Act)

37. Colpitts incorporates paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. Defendant violated Colpitts' rights under the Nebraska Fair Employment Practice Act by discharging her from her employment on the basis of her disability. *See* Neb. Rev. Stat. §48-1104.

39. Colpitts is disabled because she has Multiple Sclerosis, which is a disease that substantially limits one or more of her major life activities.

40. Colpitts was qualified, with or without reasonable accommodation, to perform the essential functions of her employment position with defendant.

41. Colpitts was discharged from her job based on her disability, and any reasons provided by defendant to the contrary are merely pretext for the true reason for her discharge.

42. At or about the same time, defendant advised Colpitts that she was no longer employed as a Medical Technologist in the Microbiology Department, defendant hired two individuals to fill the open position.

43. Defendant further violated Colpitts' rights under the Nebraska Fair Employment Practice Act by failing to make any reasonable accommodations for Colpitts' known physical limitations. *See* Neb. Rev. Stat. §48-1107.02(5).

WHEREFORE, Colpitts prays for the following relief against defendant for its violations of her rights under the Nebraska Fair Employment Practice Act:

    A. An award against defendant to compensate Colpitts for past, present, and future lost wages and job-related benefits;

    B. An award against defendant to compensate Colpitts for her past, present, and future pain and suffering resulting from defendant's actions;

  C. An award of the costs of this action, including attorney's fees, pursuant to Neb. Rev. Stat. §48-1119(4);

  D. An award of pre-judgment and post-judgment interest;

  E. An award of punitive damages; and

  F. Such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT III

### (Omaha Municipal Code)

44. Colpitts incorporates paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Defendant violated Colpitts' rights under the Omaha Municipal Code by discharging her from her employment on the basis of her disability.  *See* Omaha Municipal Code §13-89.

46. Colpitts is disabled because she has Multiple Sclerosis, which is a disease that substantially limits one or more of her major life activities.

47. Colpitts was discharged from her job on the basis of her disability, and any reasons provided by defendant to the contrary are merely pretext for the true reason for her discharge.

48. Defendant cannot claim that it has an authorized exception from performing under the Omaha Municipal Code, as although reasonable

accommodations could have been made, defendant failed to implement them with regard to Colpitts' disability. *See* Omaha Municipal Code §13-95.

WHEREFORE, Colpitts prays for the following relief against defendant for its violations of her rights under the Omaha Municipal Code:

    A.    An award against defendant to compensate Colpitts for past, present, and future lost wages and job-related benefits;

    B.    An award against defendant to compensate Colpitts for her past, present, and future pain and suffering resulting from defendant's actions;

    C.    An award of pre-judgment and post-judgment interest;

    D.    An award of punitive damages; and

    E.    Such other and further relief as the Court may deem appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues presented herein.

**/s/ JAMIE L. COX**
JAMIE L. COX, #22517
BRETT RYAN, #21854
WILLSON & PECHACEK, P.C., L.L.O.
Suite 200, 421 West Broadway
P.O. Box 2029
Council Bluffs, IA  51502-2029
Telephone:  (712) 322-6000
Telefax:  (712) 322-6200
E-mail: jcox@willsonpechacek.com
E-mail: bryan@willsonpechacek.com
ATTORNEYS FOR PLAINTIFFS